**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

Keith Antonio Barnett,

              Plaintiff,

v.

Warden Hudgins, *et al.*

              Defendants.

Civil Action:   5:20-cv-131

**Removal of State Court Action**
Circuit Court of Gilmer County, WV
Gilmer County Case No. CC-11-2020-C-13

  Judge John P. Bailey
  MJ Mazzone/PSLC Blalock

ELECTRONICALLY
FILED
**Jul 01 2020**
U.S. DISTRICT COURT
Northern District of WV

## NOTICE OF REMOVAL

Defendants Warden Hudgins and the Federal Bureau of Prisons ("BOP"), through counsel, without waiving any defenses, including service of process, respectfully notify this Court that the defendants hereby remove this case from the Circuit Court of Gilmer County, West Virginia to the United States District Court for the Northern District of West Virginia as detailed herein.

1. A federal officer who is sued in state court for acting under the color of his office may remove the pending civil action from state court to the appropriate federal district court regardless of whether the officer is sued in an official or individual capacity. 28 U.S.C. § 1442(a)(1).

2. A federal agency that is sued in state court for acting under the color of its office may remove the pending civil action from state court to the appropriate federal district court. *Id.*

3. Plaintiff Keith Antonio Barnett is a federal prisoner currently incarcerated at the Federal Correctional Institution in Glenville, West Virginia ("FCI Gilmer"). *See* BOP Inmate Locator (www.bop.gov/inmateloc).

4. FCI Gilmer is a federal prison operated by the BOP. *See* BOP Locations (www.bop.gov/locations). FCI Gilmer is located in Glenville, West Virginia within the Northern District of West Virginia judicial district. *See* BOP Locations, FCI Gilmer (https://www.bop.gov/locations/institutions/gil).

5. Barnett filed a complaint in the Circuit Court of Gilmer County, West Virginia in which he

1

purports to allege a civil rights claim pursuant to 42 U.S.C. § 1983. *See* Exhibit 1, Summons and Complaint, Gilmer County Civil Action No. CC-11-2020-C-13. Barnett names both the BOP itself, a federal agency, and the FCI Gilmer Warden, a federal government employee, as defendants. *Id*.

6. In 1871, in the immediate aftermath of the Civil War, Congress expressly created a legal cause of action that empowers a prospective plaintiff to sue a *state* official for money damages where the allegedly aggrieved individual claims that the state official violated his constitutional rights. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017) (referencing 42 U.S.C. § 1983). However, Congress created *no analogous cause of action against federal officials*. *Id*.

7. In 1971, the United States Supreme Court decided *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which created a ***federal*** cause of action where the Supreme Court inferred a judicially created damages remedy pursuant to the Fourth Amendment to the United States Constitution in order to "compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures." *Abbasi*, 137 S. Ct. at 1854 (citing *Bivens*, 403 U.S. at 397).

8. A *Bivens* lawsuit is "a blunt and powerful instrument for correcting constitutional violations and not an 'automatic entitlement' associated with every governmental infraction. *Benzman v. Whitman*, 523 F.3d 119, 125 (2d Cir. 2008) (quoting *Wilkie v. Robbins*, 551 U.S. 537, 127 S.Ct. 2588, 2597, 168 L.Ed.2d 389 (2007)). *See also Lebron v. Rumsfeld*, 670 F.3d 540, 552 (4th Cir. 2012) (acknowledging the "blunt deterrent of money damages under *Bivens*"). Indeed, a *Bivens* lawsuit targets the personal financial assets of individual federal actors in order to deter the individual employee from engaging in unconstitutional behavior. *See Carlson v.*

*Green*, 446 U.S. 14, 21 (1980); *Hall v. Clinton*, 235 F.3d 202, 204 (4th Cir. 2000); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). *See Carlson v. Green*, 446 U.S. 14, 21 (1980); *Hall v. Clinton*, 235 F.3d 202, 204 (4th Cir. 2000); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) (noting that *Bivens* liability implies "an otherwise nonexistent cause of action against *individual officers* alleged to have acted unconstitutionally") (emphasis in original). Accordingly, a *Bivens* claim is brought against the individual official for his or her own acts, not the acts of others. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017). Specifically, a Bivens lawsuit is only cognizable against an individual person, not government agency or the government itself. *Id*.

9. Recently, the United States Supreme Court "expressed open hostility to expanding *Bivens* liability." *Tun-Cos v. Perrotte*, No. 18-1451, 2019 WL 1867819, at *4 (4th Cir. Apr. 26, 2019). Indeed, *Abbasi* "marked a substantial shift in how courts are to interpret allegedly unconstitutional acts by federal actors when there is no statute permitting a damages remedy." *Holloway v. Coakley, et al.*, Case No. 2:17-cv-74, Order Dismissing Case, Electronic Docket Entry No. 173 (N.D.W. Va. Apr. 8, 2019). The court narrowed the applicability of *Bivens*, cautioning courts to first consider whether to imply a remedy *at all* before reaching the merits of such claims. *See Abbasi* 137 S. Ct. 1843. The court left no doubt that expanding the personal liability associated with *Bivens* is "a 'disfavored' judicial activity." *Abbasi*, 137 S. Ct. at 1857 (citations omitted). Notably, United States Supreme Court Justice Clarence Thomas recently cautioned: "The analysis underlying *Bivens* cannot be defended. We have cabined the doctrine's scope, undermined its foundation, and limited its precedential value. It is time to correct this Court's error and abandon the doctrine altogether." *Hernandez v. Mesa*, 140 S. Ct. 735, 752 (2020) (Thomas, J. Concurring).

10. Based on the forgoing, to the extent that Barnett purports to allege a civil rights cause of action, that cause of action is not cognizable against the BOP itself as a federal agency.

11. *Bivens* created a ***federal*** cause of action to address constitutional violations by individual government employees. *See Bivens*, 403 U.S. 388. Accordingly, there is no jurisdiction in state court to entertain an action alleging a constitutional violation by a federal employee. *Najee v. Fed. Bureau of Prisons*, No. 2:11-cv-46, 2012 WL 510308, at *4 (N.D.W. Va. Jan. 18, 2012), *Report and Recommendation adopted by* 2012 WL 510245 (N.D.W. Va. Feb, 15, 2012).

12. When a federal inmate sues a BOP employee individually, he must serve his lawsuit upon the United States itself and the BOP employee. Fed. R. Civ. P. 4(i)(3). To properly serve the United States, the lawsuit must be served upon both the Attorney General of the United Sates and the United States Attorney in the judicial district where the lawsuit is filed. Fed. R. Civ. P. 4(i)(1). To serve a federal agency, the lawsuit must be served upon the United States itself and sent by registered mail to the agency. Fed. R. Civ. P. 4(i)(2).

13. Upon information and belief in consultation with the BOP, a West Virginia state law enforcement officer delivered the summons and complaint in this case to the secretary of the warden at FCI Gilmer on June 18, 2020. The plaintiff has not provided any proof to establish that he served this lawsuit upon the BOP or the United States itself. Accordingly, the United States does not concede that this lawsuit has been properly served on either purported defendant.

14. Barnett is a federal prisoner alleging a civil rights cause of action. Therefore, his lawsuit is governed by this Court's Local Rules of Prisoner Litigation Procedure. LR PL P 1. Accordingly, this case is properly subject to this Court's standard screening criteria and procedures pursuant to which the Court issues an order to answer directing the defendants to

respond if the Court determines that summary dismissal is not appropriate.

15. In accordance with 28 U.S.C. § 1446(d), a copy of this notice is being simultaneously filed with the Clerk of the Circuit Court of Gilmer County, West Virginia and notice will be provided to Plaintiff Keith Antonio Barnett by United States Postal Service.

## CONCLUSION

Based on the forgoing, the defendants hereby remove this matter from the Circuit Court of Gilmer County, West Virginia, to this Court.

Respectfully Submitted,

William J. Powell
United States Attorney

By:   */s/ Tara N. Tighe*
Assistant United States Attorney
WV Bar No. 12931

*/s/ Christopher J. Prezioso*
Assistant United States Attorney
WV Bar No. 9384

United States Attorney's Office
P.O. Box 591
Wheeling, WV 26003
Phone: (304) 234-0100
Fax: (304) 234-0112

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2020, I electronically filed the forgoing document with the Clerk of this Court using the CM/ECF system.

I further hereby certify that I have provided notice of this removal to the Clerk of the Circuit Court of Gilmer County, West Virginia using the West Virginia electronic filing system.

I further hereby certify that I have mailed, by United States Postal Service, this notice to the *pro se* plaintiff at the following address:

Keith Antonio Barnett No. 34168-058
FCI Gilmer
Inmate Mail/Parcels
P.O. Box 6000
Glenville, WV 26351

Respectfully Submitted,

William J. Powell
United States Attorney

By:   */s/ Tara N. Tighe*
Assistant United States Attorney
WV Bar No. 12931

*/s/ Christopher J. Prezioso*
Assistant United States Attorney
WV Bar No. 9384

United States Attorney's Office
P.O. Box 591
Wheeling, WV 26003
Phone: (304) 234-0100
Fax: (304) 234-0112

*Counsel for Defendants*